a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SAMUEL ROY ABRAM,<br>Petitioner | CIVIL ACTION NO. 1:16-CV-01537-P |
| VERSUS | CHIEF JUDGE DRELL |
| WARDEN M. A. STENCIL<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Samuel Roy Abram (#11398-002) ("Abram"). Abram is an inmate in the custody of the United States Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. Abram seeks an immediate release from custody on the grounds that he is no longer a "volunteer" or "surety." (Doc. 1, p. 12).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

Abram is serving a sentence following a conviction of bank robbery and illegal possession of a firearm. Abram claims that his confinement is unlawful based on securities violations. Abram claims that he was made "Surety to Bid Performance and Payment Bonds" in his criminal case, and that the sentencing court signed his name to documents without Abram's consent. (Doc. 1, p. 12). Abram alleges that his conviction was rendered against a "fictitious corporate name – Samuel Roy Abram."

Abram claims that his conviction was a "false security" used to fund the sentencing judge's retirement. (Doc. 1, p. 18).

Abram previously filed a § 2241 petition in this Court seeking "equitable action" from the Court because Abram has accepted "Government tendered securities, i.e., GSA bonds that were sold to fidelity investments." (Case No. 15-cv-2064, Doc. 1, p. 1). The petition was denied and dismissed.

Abram filed a motion to vacate under 28 U.S.C. § 2255 in the court of conviction, which was denied. (Case No. 3:04-cr-0090, N.D. Fla., Docs. 116, 117, 134).[1]

Abram recently sought permission from the United States Eleventh Circuit Court of Appeals to file a second or successive § 2255 motion. Abram claimed that "the government tendered securities illegally with me pledged as a surety to said securities to generate an income stream," and that he "never consented to suretyship to these bonds." (Case No. 16-14321, 11th Cir. 7/27/16). The appellate court denied Abram's request, noting that Abram did not explain why claims related to securities violations and identity theft would show that no reasonable factfinder would have

---

[1] In his criminal case, Abram also filed a "Counterclaim Motion pursuant to Federal Rule of Civil Procedure 13(c)," in which Abram attempted to equate or reduce his criminal judgment into monetary or contractual terms; a motion for "Commercial Habeas Corpus," claiming that his criminal judgment should be deemed satisfied "pursuant to GSA bonds 24, 25, and 25A, along with an SF28 Affidavit of Individual Surety, and Optional Forms 90 and 91"; a "Release of Lien on Real Property or Administrative Habeas Corpus," claiming satisfaction of his sentence; and a "Motion for Release of a Vessel or Property," seeking a release of property identified as "Plaintiff Samuel Roy Abram" under admiralty rules. All of the motions were denied. (Case No. 3:04-cr-0090, N.D. Fla., Docs. 141, 142, 143, 144, 146, 147, 148, 149, 150, 151).

found him guilty of bank robbery and firearm possession. (Case No. 16-14321, 11th Cir. 7/27/16).

II. Law and Analysis

A. Abram fails to state a claim under § 2241.

Under § 2241(c)(3), a federal district court may issue a writ of habeas corpus for a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a showing, rather than a blanket assertion, of entitlement to relief. See Bell Atlantic v. Twombly, 550 U.S. 544, n.3 (2007). Abram argues that, since he "is no longer surety to the Performance Bond, Bid Bond and Payment Bond," he should no longer be confined pursuant to those bonds. (Doc. 1, pp. 12-13). However, Abram is not in custody pursuant to any performance, bid, or payment bonds. He is in custody pursuant to a judgment of conviction in the Northern District of Florida. Abram has not presented allegations showing that his custody is in violation of the Constitution or laws or treaties of the United States. Thus, he cannot state a claim under § 2241.

B. If Abram challenges the validity of his conviction or sentence, his claim should be dismissed for lack of jurisdiction.

To the extent that Abram's petition could be construed as challenging the validity of his conviction or sentence, this Court lacks jurisdiction to consider the claim. A collateral attack on a federal criminal conviction is generally limited to a motion to vacate, set aside, or correct a sentence under § 2255, which Abram has already filed. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000).

If a petitioner has already filed a § 2255 motion, the petitioner's second recourse would be a successive § 2255 motion. The Eleventh Circuit has already determined that Abram does not have a claim involving "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." (Case No. 16-14321, 11th Cir. 7/27/2016). Thus, Abram was denied permission to file a successive § 2255 motion.

Section 2255 contains a "savings clause," which allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The burden of affirmatively proving that the § 2255 remedy is inadequate is on the petitioner. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). To fall under § 2255(e), a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. See Reyes–Requena v. U.S., 243 F.3d 893, 904 (5th Cir. 2001). Abram has not identified a retroactively applicable Supreme Court decision establishing his innocence. Therefore, the savings clause is inapplicable.

4

III.  Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Abram's petition under § 2241 challenging his detention pursuant to securities or bonds be DENIED and DISMISSED. To the extent that Abram seeks to challenge his conviction, IT IS RECOMMENDED that the petition be DISMISSED for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __28th__ day of November, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge